# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM SPIRES, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:12CV00773 MLM |
| | ) |
| JEFF NORMAN,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Because it appears that petitioner has not fully presented his claims to the Missouri courts, petitioner will be required to show cause why his petition should not be dismissed for failure to exhaust available state remedies. 28 U.S.C. § 2254(b)(1)(A); Rule 4 of the Rules Governing Habeas Corpus Cases Under § 2254.

---

[1] Petitioner has named as respondent George Lombardi, Director of the Missouri Department of Corrections.  The proper respondent for a prisoner currently in custody pursuant to a state judgment is the state officer having custody of the applicant.  See 28 U.S.C. § 2254, Rule 2(a).  Jeff Norman, Warden of the Jefferson City Correctional Center, is the proper respondent.

**Background**

On May 10, 2011, petitioner was sentenced to one-hundred and sixty-two months' imprisonment (13.5 years) by the Warren County Circuit Court for attempted forcible rape. See State v. Spires, No. 10BB-CR00492-01. Despite his guilty plea, petitioner alleges that he is both facutally and legally innocent of the crime. Petitioner further alleges that he was denied due process because he was made to plead guilty to a crime that "did not exist." Petitioner brings the instant petition seeking to overturn his conviction and sentence.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b)(1),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A) the applicant has exhausted the remedies available in the courts of the State . . .

In this case, petitioner states that he was convicted and sentenced of attempted forcible rape on May 10, 2011. In his petition, he states that he is currently pursuing

a direct appeal of his conviction in the Missouri Appellate Court, but that the court has not yet ruled on the petition. It appears that petitioner has also filed a state application for habeas corpus relief and this petition is still pending in the state court as well. As a result, petitioner's available state remedies have not yet been exhausted, and the petition is subject to dismissal without prejudice.

Rather than a dismissal of this action, petitioner requests a stay of the case pending the state court dispositions of his direct appeal and application for habeas corpus. Petitioner asserts that the Supreme Court has "allowed" such a course of action in Rhines v. Weber, 544 U.S. 269 (2005).

In Rhines, the Supreme Court noted that district courts ordinarily have authority to issue stays, where doing so would be a proper exercise of discretion, and that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not deprive district courts of that authority. Id. at 276. The Supreme Court held that "stay and abeyance should be available only in limited circumstances" and explained as follows:

> . . .it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

Id. at 278.

As Rhines holds, a stay and abeyance is really only available in very limited circumstances, where mixed petitions, or petitions that have both exhausted and unexhausted claims therein, are at issue. Petitioner's application for writ of habeas corpus does not appear to be a mixed petition. If in fact petitioner still has cases properly pending in state court, then all of the claims in his habeas petition are unexhausted.[2] Petitioner's mere desire to preserve his federal habeas remedy does not, by itself, constitute good cause for failing to exhaust his available state remedies. And the interests of comity and federalism dictate that state courts must have the first opportunity to decide petitioner's claims. Rose v. Lundy, 455 U.S. 509, 518 (1982).

Under the aforementioned circumstances, petitioner will be required to show cause, within thirty (30) days of the date of this Memorandum and Order, why his petition should not be dismissed and his motion for stay denied, due to petitioner's failure to fully exhaust his state court remedies.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall docket this petition as William Spires, Jr. v. Jeff Norman.

---

[2] The Court notes that AEDPA's one-year limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2).

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion to stay these proceedings [Doc. #3] **WILL BE HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that petitioner shall show cause, within thirty (30) days of this Memorandum and Order, why his application for writ of habeas corpus shall not be dismissed for failure to fully exhaust his state court remedies.

So Ordered this 8th Day of May, 2012.

*[signature: E. Richard Webber]*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE