# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM SPIRES, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:12CV00773 MLM |
| ) | |
| JEFF NORMAN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Before the Court is petitioner's post-dismissal motion to reopen this action and to amend his petition for application for writ of habeas corpus.  For the following reasons, the Court will grant petitioner's motion.

### Factual and Procedural Background

On May 10, 2011, after a guilty plea, petitioner was sentenced to one-hundred and sixty-two months' imprisonment (13.5 years) by the Warren County Circuit Court for attempted forcible rape.  See State v. Spires, No. 10BB-CR00492-01.

On April 6, 2012, petitioner filed a motion to file a late notice of appeal in the Missouri Supreme Court. See State v. Spires, No. SC92474.  On April 20, 2012, his request was denied as "moot," given that it was "filed in the wrong court."

Petitioner signed and placed his application for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the United States Mail on April 26, 2012.[1] Simultaneously with his application for writ, petitioner filed a motion to stay his petition pursuant to the Supreme Court case of Rhines v. Weber. 544 U.S. 269 (2005).

On April 30, 2012, petitioner filed a motion to file a late notice of appeal in the Missouri Court of Appeals. Petitioner sought leave to file a direct appeal out of time, asserting that his guilty plea to the charge of attempted forcible rape was defective and he was denied his right to counsel on appeal. See State v. Spires, No. ED98368.[2]

---

[1] Although petitioner's application for writ was not received by this Court until April 30, 2012, the "prison mailbox rule" applies to decide the date on which a § 2254 petition is filed. See Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir.1999), abrogated on other grounds, 523 F.3d 850 (8th Cir.2008)("We hold that for purposes of applying 28 U.S.C. 2244(d), a pro se prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court.").

[2] Although the Court was unaware of this fact prior to the dismissal of this action, petitioner's request was denied by the Court of Appeals on May 3, 2012. Petitioner thereafter filed a motion for rehearing or transfer on May 11, 2012, but his motion was denied on June 22, 2012. Petitioner most recently filed a "motion to vacate" or reconsider on July 11, 2012, but his motion was summarily denied on July 12, 2012. Id.

On May 8, 2012, this Court ordered petitioner to show cause why his application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 should not be dismissed for failure to exhaust his administrative remedies. In its Memorandum and Order, the Court specifically noted that petitioner stated in his application for writ that he was currently pursuing both a direct appeal of his conviction in the Missouri Court of Appeals, as well as a state application for habeas corpus. Accordingly, his state court remedies had not yet been exhausted. In that same Memorandum and Order, the Court noted that petitioner's request to "stay and abey" his application for writ during the pendency of his state court actions would likely not be granted, as the types of cases subject to a stay and abeyance were available in very limited circumstances - or ones where mixed petitions were at issue. Given that all of petitioner's claims appeared to be unexhausted, the Court found that his claims likely would not qualify as a "mixed petition" under Rhines. However, petitioner was invited to address this argument within his response to show cause.

The Court gave petitioner until June 25, 2011, to respond to the Court's Order. Petitioner failed to respond by July 18, 2011, and the Court subsequently dismissed this action, adopting the reasoning espoused in its May 8, 2012 Memorandum and Order.

On July 25, 2012, petitioner filed a motion to amend his petition and reopen the present action. At that time, petitioner provided the Court with information regarding the culmination of his state court proceedings.

## Discussion

In his motion to reopen and amend, petitioner asserts that his claims are now fully exhausted, or if they are not completely exhausted it is because there is no adequate state remedy available to him. As such, petitioner seeks to reopen the present action so that he can pursue his federal habeas remedy in this Court.

After a review of the record submitted by petitioner the Court will vacate its prior Order of Dismissal and allow petitioner to amend his application for writ of habeas corpus. However, petitioner will be required to amend his petition on a court-provided form, and he must include on the form all of the claims for relief he wishes to pursue. After petitioner files his amended petition, the Court will review the petitioner pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to reopen this action and amend his petition [Doc. #10] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's July 18, 2012 Order of Dismissal is **VACATED**.

**IT IS HEREBY ORDERED** that the Clerk of Court shall forward to petitioner, with a copy of this Memorandum and Order, the form for filing a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody."

**IT IS FURTHER ORDERED** that petitioner shall complete the form and return it within thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if petitioner fails to complete and return this form within thirty (30) days, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that upon petitioner's filing of the form petition, the Clerk shall resubmit this matter to the Court for review pursuant to Rule 4 of the Rules Governing § 2254 Cases.

So Ordered this 10th day of August, 2012.

_E. Richard Webber_
_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE