UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM W. SPIRES, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:12-CV-773 CAS-NAB |
| ) | |
| JAMES HURLEY[1], ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

This action is before the court upon Petitioner William W. Spires, Jr. ("Spires") Amended Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. [Doc. 13.] Respondent James Hurley ("Respondent") filed a response. [Doc. 26.] Spires filed a reply brief. [Doc. 32.] This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). [Doc. 21.] For the reasons set forth below, the undersigned recommends that the Petition be denied.

**I.     Background**

Spires was charged in an information with attempted forcible rape and burglary in the first degree. (Resp't Ex. B at 4-5.) On May 10, 2011, Spires pled guilty to attempted forcible rape. (Resp't Ex. C at 3-8.) The State dismissed the charge of burglary in the first degree. (Resp't Ex. C at 19.) The Court sentenced Spires to thirteen years and six months in the Missouri Department of Corrections. (Resp't Ex. C at 10.)

---

[1] During the pendency of the Petition, Spires moved from the Jefferson City Correctional Center to the Northeast Correctional Center where James Hurley is the warden. The District Court record was updated to reflect the change in Respondent and Spires' address.

On April 6, 2012, Spires filed a motion for leave to appeal out of time with the Missouri Supreme Court. (Resp't Ex. E.). The Missouri Supreme Court denied Spires' motion without prejudice to filing a motion for leave to file a notice of appeal out of time with the Missouri Court of Appeals- Eastern District on April 20, 2012. (Resp't Ex. E at 20.) On April 30, 2012, Spires filed a motion for leave to file an appeal out of time with the Missouri Court of Appeals- Eastern District. (Resp't Ex. E at 22-23.) On the same date, Spires filed his original petition for writ of habeas corpus in this court. [Doc. 1.] The Missouri Court of Appeals- Eastern District denied Spires' motion on May 3, 2012. (Resp't Ex. E at 30.) On May 11, 2012, Spires filed a Motion for Leave to File a Motion for Rehearing *en banc* or transfer to the Missouri Supreme Court. (Resp't Ex. E. at 31-33.) On July 12, 2012, the Missouri Court of Appeals- Eastern District struck Spires' motion, because the allegations were scurrilous and the filing violated Mo. Sup. Ct. R. 84.17(d) and 83.02. (Resp't Ex. E. at 37.) Spires filed an Amended Petition in this court on August 31, 2012. [Doc. 13.]

## II.    Standard of Review

The Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"), applies to all petitions for habeas relief filed by state prisoners after this statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). In conducting habeas review pursuant to § 2254, a federal court is limited to deciding whether a claim that was adjudicated on the merits in state court proceedings (1) resulted in a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings." 28 U.S.C. § 2254(d). A determination of a factual issue made by a state court is presumed to be correct unless the

petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

For purposes of § 2254(d)(1), the phrase "clearly established federal law refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). "In other words, clearly established federal law under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id.* To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent which he thinks the state courts acted contrary to or unreasonably applied. *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir. 2006).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000)). A state court decision is an unreasonable application of clearly established Supreme Court precedent if it correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case. *Id.* (citing *Williams*, 529 U.S. at 407–408). "A federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was objectively reasonable." *Penry*, 532 U.S. at 793. "A state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record."

3

*Evanstad v. Carlson*, 470 F.3d 777, 782 (8th Cir. 2006). A "readiness to attribute error is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). AEDPA's highly deferential standard demands that state court decisions be given the benefit of the doubt. *Id.*

### III. Discussion

Spires presents five grounds for relief.[2] First, Spires claims that he was unconstitutionally denied the right to appeal and the right to counsel on appeal. Spires also contends that he was forced to plead guilty to a crime that does not exist, the statute that he was sentenced under is unconstitutional, and he was denied due process, because the state changed the substance of the sentence materially long after the sentence is in fact imposed. Finally, Spires contends that he is actually innocent.

The Respondent contends that all of Spires' claims, except his claim that his sentencing statute is unconstitutional, are procedurally defaulted, because he did not file a timely appeal in state court. The Respondent also asserts that Spires' claims lack merit.

#### A. Procedural Default of Claims

A state prisoner's petition for federal habeas corpus review under 28 U.SC. § 2254 may only be granted if the prisoner has exhausted his state law remedies. 28 U.S.C. § 2254(b)(1)(A). "Ordinarily a federal court reviewing a state conviction in a [§ 2254] proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules." *Arnold v. Dormire*, 675 F.3d 1082, 1086 (8th Cir. 2012). "In Missouri, a claim must be presented at each step to avoid default." *Id.* at 1087 (citing *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994)). "Requiring the exhaustion of state remedies both allows the states to correct any possible constitutional violations without unnecessary intrusion by the federal

---

[2] Spires lists six claims in his Petition, but two claims assert that he was denied the right to appeal and counsel.

courts and allows the state courts to create a factual record should the matter proceed to federal court." *Weeks v. Bowersox,* 119 F.3d 1342, 1349-50 (8th Cir. 1997).

Spires' federal habeas claims are defaulted, because he never filed a direct appeal or a motion for post-conviction relief in Missouri state court. In Missouri, there is no right to appeal without statutory authority. *State v. Larson*, 79 S.W.3d 891, 892 (Mo. 2002). Appellate jurisdiction exists for civil and criminal cases only after final judgment and final judgment occurs in a criminal case only when a sentence is entered. *Larson*, 79 S.W. 3d at 893. "In the context of a direct appeal following a guilty plea, however, the right to a direct appeal is limited." *State v. Hopkins*, 432 S.W.3d 208, 211 (Mo. Ct. App. 2014). "In Missouri, the general rule is that a guilty plea waives all nonjurisdictional defects, including statutory and constitutional guarantees." *Id.* "In a direct appeal of a judgment and sentence entered as a result of a guilty plea, the state court's review is limited to claims involving subject matter jurisdiction of the trial court and the sufficiency of the information or indictment." *Id.*

Spires pled guilty to attempted forcible rape. In Missouri, a defendant must file a notice of appeal within 10 days after the judgment or order appealed from becomes final. Mo. Sup. Ct. R. 81.04(a). "A final judgment occurs only when a sentence is entered." *State v. Williams*, 871 S.W.2d 450, 452 (Mo. banc). Therefore, if he wanted to file a direct appeal his notice of appeal should have been filed no later than the date his judgment became final. Spires did not file a notice of appeal by the appeal deadline. If a notice of appeal is not filed within ten days after the judgment becomes final, the defendant or the state, may file a notice of appeal in the trial court, if, within twelve months after the judgment becomes final, a motion for leave to file such notice is filed in the appropriate appellate court and it sustains the motion and grants such leave. Mo. Sup. Ct. R. 30.03. "Such order may be made by the appellate court, in its discretion, for good

cause shown." Mo. Sup. Ct. R. 30.03. Spires filed his motion for leave with the Missouri Supreme Court within twelve months of the final judgment. (Resp't Ex. E. at 31-33.) In his motion, Spires did not give a reason for his failure to file a timely notice of appeal. Spires asserted only the grounds he was presenting in support of the appeal of his conviction. The Missouri Court of Appeals and the Missouri Supreme Court denied his motions for leave to file an appeal out of time.

Second, Spires did not file a timely motion for state post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. "Rule 24.035 is the exclusive procedure by which a person convicted of a felony on a guilty plea may seek post-conviction relief." *Vogl v. State*, 437 S.W.3d 218, 226 (Mo. 2014). "As a threshold to achieving post-conviction relief, the movant first must file a timely Rule 24.035 motion." *Id.* Under Missouri Law, the "time limitations of Rule 24.035 are mandatory and constitutional." *Unnerstall v. State*, 53 S.W.3d 589, 591 (Mo. Ct. App. 2001). "Demonstration of a timely filing is a condition precedent to pleading a claim for post-conviction relief." *Id.* If no appeal of the judgment or sentence is taken, a defendant must file a Rule 24.035 motion within 180 days of his delivery to the custody of the department of corrections. Mo. Sup. Ct. Rule 24.035. Failure to file a motion within the time provided by Rule 24.035 results in a complete waiver of any right to proceed under the rule. Mo. Sup. Ct. R. 24.035(b).

Spires never filed a Rule 24.035 motion. Because the Missouri Court of Appeals denied his motion for leave to file a late notice of appeal, Spires is procedurally barred from filing a Rule 24.035 motion at this time or seeking any other relief in state court. "Claims that have not been presented to the state courts, and for which there are no remaining state remedies, are

procedurally defaulted." *Skillicorn v. Luebbers*, 475 F.3d 965, 976 (8th Cir. 2007). Based on the foregoing, Spires' claims are procedurally defaulted from review in this court.

**B.     Cause and Prejudice Standard**

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Anderson v. White*, 32 F.3d 320, 321 (8th Cir. 1994). "Unless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a court may not reach the merits of the procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims." *Skillicorn*, 475 F.3d at 976-77. Under the cause and prejudice standard, the petitioner establishes cause by showing that something external and not fairly attributed to him caused the procedural default. *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir. 1999). A petitioner establishes actual prejudice by showing that the prejudice worked to his actual and substantial disadvantage. *Id.* at 1141. Cause is not synonymous with a ground for relief. *Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012). "A finding of cause and prejudice does not entitle the [petitioner] to habeas relief. It merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted." *Martinez v. Ryan*, 132 S.Ct. at 1320.

Spires fails to present any reasons to support a finding of cause and prejudice in this action that would excuse his procedural default. Although Spires essentially asserts that the state courts abused their discretion in not allowing a late appeal, this reasoning is not sufficient as cause for his default. "A federal court may not re-examine a state court's interpretation and application of state law. Thus a state's misapplication of its own procedural rule is not cause for

7

default." *Schleeper v. Groose*, 36 F.3d 735, 737 (8th Cir. 1994). A discretionary state procedural rule can serve as an adequate ground to bar federal habeas review. *Walker v. Martin*, 562 U.S. 307, 316 (2011). "To qualify as an adequate procedural ground, a state rule must be firmly established and regularly followed." *Id.* A rule can be firmly established and regularly followed even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others. *Id.* The state courts properly used their discretion to deny Spires leave to file a late notice of appeal. Spires provided no reason to the state courts to support his motion for leave to file a late notice of appeal. Missouri's rule regarding the filing of late notices of appeal has not been shown to operate to the particular disadvantage of petitioners asserting federal rights. *Walker*, 562 U.S. at 317-320. Summary dismissal of some appeals and not others does not automatically constitute an improper state court procedure. *Id.* at 320. Therefore, the state courts' decisions to deny Spires leave to file a late notice of appeal does not constitute cause for default. Finally, contrary to Spires' assertions, the sentencing court specifically informed Spires of his post-conviction rights. The sentencing judge stated as follows:

> Mr. Spires, I do need to inform you of your post-conviction rights. You do have the right to file a motion in this court to vacate, set aside, or correct your conviction or the sentence in this case if you claim that your conviction or the sentence imposed violates the constitution of the United States or the laws of the State of Missouri; or that this court was without jurisdiction to impose the sentence; or the sentence imposed is in excess of the maximum sentence authorized by law; or, that you received ineffective assistance of counsel.
>
> A post-conviction motion is the exclusive procedure by which you can seek relief for these claims. Forms will be provided for you at the Department of Corrections upon your request. No cost deposit, no filing fee is necessary in order to file that motion. If you do not file a motion within one hundred eighty days after you are delivered to the

> Department of Corrections you will have completely waived your post-conviction rights. If you do file a motion you must include every ground known to you for vacating, setting aside, or correcting the judgment or sentence. If you are indigent and file your own motion a lawyer will be appointed for you. The lawyer would then have sixty days to file an amended motion. A written request for hearing must be made within the time limits because if no request for a hearing is timely made no hearing will be held. Do you understand what I have just told you?

(Resp't Ex. C 11-12.) Spires told the court that he understood the court's recitation of his post-conviction rights and indicated that he did not have any questions regarding his post-conviction rights. (Resp't Ex. C at 12.). By concluding that Spires has not shown cause for his default, the undersigned does not need to address the prejudice prong of the cause and prejudice analysis. *Schleeper*, 36 F.3d at 737.

### C. Actual Innocence

To constitute a miscarriage of justice, Spires must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). There are two types of actual innocence claims. The first type serves as a "gateway" to allow the court to consider the petitioner's defaulted claims. To establish a gateway actual innocence claim, the petitioner must demonstrate in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him in light of new evidence. *Schlup*, 513 U.S. at 327. Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. U.S.*, 523 U.S. 614, 623 (1998). The standard is demanding and permits review only in the extraordinary case. *House v. Bell*, 547 U.S. 518, 538 (2006). The miscarriage of justice exception applies to state procedural rules, including filing deadlines. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1932 (2013). "A federal court may invoke the

miscarriage of justice exception to justify consideration of claims defaulted under state timeliness rules." *Id.* "If a petitioner presents sufficient evidence of actual innocence, he should be allowed through this gateway permitting him to argue the merits of his underlying constitutional claims." *Armine v. Bowersox*, 128 F.3d 1222, 1227 (8th Cir. 1997).

In this case, Spires indicates that he is actually innocent, because the victim's deposition testimony exonerates him of attempted forcible rape. Spires' claim lacks any legal merit. First, the undersigned notes that this is not new evidence. Evidence is new if it was not available at trial and could not have been discovered earlier through the exercise of due diligence. *Armine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001). The victim gave her deposition testimony before Spires pled guilty and Spires was aware of the deposition testimony. Second, the deposition testimony cited by Spires supports his conviction for attempted forcible rape. The victim's testimony recounts that he tried to have sex with her until she told him that she had her menstrual cycle. (Resp't Ex. E at 19.) That testimony does not exonerate him from a charge of attempted rape. Spires was never charged with forcible rape, which would require a completed act. A defendant's abandonment of an attempt to rape a victim is not a defense to attempted rape. *State v. Boschert*, 693 S.W.2d 128, 129 (Mo. Ct. App. 1985). Finally, the fact that Spires and the victim had previously engaged in a consensual sexual relationship does not definitively establish innocence for attempted forcible rape on the date charged in the information. *Boyd v. Roberts*, No. 03-3476-WEB, 2004 WL 2782566 at *4 (D. Kan. Oct. 5, 2004) (defendant's argument that prior sexual relationship bolsters defense of consent is flawed, because a prior sexual relationship does not establish consent on this particular occasion). Therefore, Spires' attempt to allege actual innocence as a gateway claim to review his other barred claims fails as a matter of law.

Spires' attempt to make an independent claim of actual innocence also fails. An independent claim of actual innocence requires an even higher standard of review than a gateway actual innocence claim. *Bell*, 547 U.S. at 555. Although the Supreme Court has not clearly articulated the quantum of proof necessary for a claim based solely on actual innocence, it is clear that such claims require that the court be convinced that those new facts unquestionably establish the petitioner's innocence. *Cornell v. Nix*, 119 F.3d 1329, 1334 (8th Cir. 1997). As explained above, the victim's deposition testimony relied upon by Spires is not new evidence and does nothing to establish any claim of innocence whatsoever. Therefore, Spires' claim of actual innocence as an independent or freestanding claim fails as a matter of law.

**D.     Merits Review**

Even if the Court could review Spires' claims, these claims lack merit as described briefly below.

**1.     Denial of Right to Appeal and Appellate Counsel**

Spires asserts that the state courts unconstitutionally denied his right to an appeal and counsel in violation of the 5th, 6th, and 14th amendments to the United States Constitution. There is no federal constitutional right to either direct appeal or post-conviction review. *Easter v. Endell*, 37 F.3d 1343, 1345 (8th Cir. 1994). There is no federal constitutional right to counsel in state post-conviction proceedings, even when the state law requires the state to appoint counsel to represent the petitioner in those proceedings. *Simpson v. Norris*, 490 F.3d 1029, 1033 (8th Cir. 2007). "Nevertheless, once such a remedy is granted by the state, its operation must conform to the due process requirements of the 14th Amendment." *Easter*, 37 F.3d at 1345.

In this case, Spires had the right to challenge his conviction by filing a post-conviction motion under Missouri law. The sentencing judge informed Spires that he had a right to file a

motion for post-conviction relief and described the procedure to do so.  The sentencing judge also informed Spires that he had the right to file the motion without cost and that after he filed an it, counsel would be appointed for him.  Spires did not timely exercise his right to file a motion for post-conviction relief.  Spires essentially asserts that he should be given the right to file a late appeal and in turn an appointment of counsel.  There is no authority in the law to support such an assertion.  There is no federal constitutional right to file a late appeal.

Under Missouri law, Spires could not appeal his guilty plea.  As stated, Spires was required to file a Rule 24.035 motion to seek post-conviction review.  *See Vogl*, 437 S.W.3d at 226.  He did not do so.  Because he did not file a Rule 24.035 motion, there was nothing for Spires to appeal from or for the appellate court to review.  Although Spires timely filed a motion for leave to file a late notice of appeal, the state court's denial of his motion does not violate any federal constitutional rights as discussed above.  *See* discussion *supra* Sections III.A, III.B.

The cases cited by Spires regarding filing a notice of appeal are inapplicable to his case.  In all of the cases cited by Spires, the state courts granted petitions for writ of habeas corpus due to counsel's failure to file a timely notice of appeal after counsel agreed to take such action.  *See Ewing v. Denney*, 360 S.W.3d 325 (Mo. Ct. App. 2012) (habeas petition granted where retained defense counsel filed a notice of appeal without a filing fee, which resulted in dismissal of appeal and counsel failed to notify petitioner); *Wolf v. Steele*, 290 S.W.3d 136 (Mo. Ct. App. 2009) (habeas petition granted where trial counsel filed a motion to proceed IFP on appeal, but failed to file notice of appeal); *Peete v. Moore*, 283 S.W.3d 818 (Mo. Ct. App. 2009) (habeas petition granted where petitioner's attorney promised to handle petitioner's appeal, but failed to do so and was later disbarred); *Hahn v. Stubblefield*, 996 S.W.2d 103 (Mo. Ct. App. 1999) (habeas petition granted where defense counsel admits that failure to file notice of appeal was due to

error in public defender's office). Nowhere in his habeas petition or any other filings with this court or in state court does Spires state that he instructed counsel to file a notice of appeal and counsel did not do so or failed to tell him that a notice of appeal would not be filed on his behalf. Petitioner offered no explanation for failing to file a Rule 24.035 motion. His contention that he was unaware of his responsibility to do so and the time limits is directly contradicted by the transcript at his sentencing hearing. Therefore, Spires' claims that he was denied the right to appeal and counsel lack merit.

### 2. Forced Guilty Plea

Next, Spires claims that he was forced to plead guilty to a crime that does not exist. In support of this claim, Spires states that the victim's sworn deposition testimony shows that he and the victim had a "long (on)going personal relationship and affairs." [Doc. 32. at 3-4.] He states that the victim's description of the alleged crime was a "version of a crime that did not exist, especially attempted rape." [Doc. 32. at 3-4.] "A guilty plea is valid if it represents a "voluntary and intelligent" choice among the alternative courses of action open to the defendant." *Shafer v. Bowersox*, 168 F.Supp.2d 1055, 1079 (E.D. Mo. 2001). A plea is a waiver of right to trial before a jury or a judge; "constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. U.S.*, 397 U.S. 742, 748 (1970).

First, Spires makes no allegations regarding how he was "forced to plead guilty" and by whom. Second, the undersigned notes that the crime of attempted forcible rape exists in Missouri and existed at the time of Spires' guilty plea. Mo. Rev. Stat. § 566.030. Third, as stated previously, an abandonment of the attempt to rape a victim is not a defense to attempted rape. *See Boschert*, 693 S.W.2d at 129. Fourth, the fact that Spires and the victim had a

previous sexual relationship does not alone establish innocence for attempted forcible rape on the date charged in the information. *See Boyd*, 2004 WL 2782566 at *4. Fifth, Spires' citations to cases regarding the elements of sodomy and child molestation charges are not relevant to a case involving attempted forcible rape. *See Fowler v. Purkett*, 156 S.W.3d 357 (Mo. Ct. App. 2004) (reviewing habeas petition, state appellate court found that petitioner's admitted acts did not support statutory sodomy, but child molestation in the first degree and petitioner should be resentenced).

### 3. Constitutionality of Mo. Rev. Stat. § 558.019

Next, Spires claims that the sentencing statute that requires him to serve eighty-five percent of his sentence before being eligible for parole (Mo. Rev. Stat. § 558.019) was enacted in violation of the Missouri State Constitution's prohibition against enacting a law that contains more than one subject. *See* Mo. Const. art. III, § 23 (no bill shall contain more than one subject which shall be clearly expressed in its title). Spires contends that the law is illegal and unconstitutional; therefore, the state was deprived of jurisdiction to impose such a sentence.

Section 2254 "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). The U.S. Supreme Court has repeatedly held that "federal habeas relief does not lie for errors of state law." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). A mere violation of state law is not cognizable in a federal habeas proceeding. *See Lee v. Norris*, 354 F.3d 846, 847 (8th Cir. 2004.) It is outside of the province of the federal court's jurisdiction to assess whether a state statute violates a state constitutional provision. Therefore, this claim is not cognizable in a federal habeas petition.

14

### 4. State Changed Substance of his Plea

Next, Spires states that he was denied state and federal due process in violation of the 5th, 6th, and 14th Amendments to the United States Constitution, because the "state" changed the substance of his sentence, because he was not informed that if granted parole, he would be on parole for life. Section 217.735 of the Missouri Revised Statutes provides that upon release, a person sentenced under Mo. Rev. Stat. § 566.030 for first degree rape or attempted first degree rape shall be supervised for the duration of his or her natural life. Mo. Rev. Stat. § 217.735.1. The Board of Probation and Parole may terminate the supervision under § 217.735.1, when the person being supervised is sixty-five years of age or older. Mo. Rev. Stat. § 217.735.5. Spires contends that he would not have pled guilty if he had known he would be on parole for life. The transcript of Spires' plea and sentencing hearing indicates there was no discussion on the record regarding the applicability of § 217.735. Spires specifically states:

> the state changed the substance of his sentence materially long after the sentence was imposed. In fact, the state caused the sentence to be changed so that the petitioner would have to serve a life sentence, if paroled, and petitioner would never have pleaded guilty had he knew this. In fact it was not discussed at the plea or sentence."

[Doc. 13.]

"A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). "[T]he accused need only be informed of the direct consequence of the guilty plea. It is not necessary to attempt to inform the defendant of all the indirect or collateral consequences." *George v. Black*, 732 F.2d 108, 110 (8th Cir. 1984) (citations and internal quotations omitted). "The distinction between

15

direct and collateral consequences of a plea, while sometimes shaded in the relevant decisions, turns on whether the result represents a definite, immediate, and largely automatic effect on the range of the defendant's punishment." *Id.*

In *Hill v. Lockhart*, the United States Supreme Court definitively stated, "We have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (state habeas case distinguishing between claims against state for failure to provide information versus an ineffective assistance of counsel claim). The Eighth Circuit has held that parole eligibility is a collateral than a rather than a direct consequence of a guilty plea and courts have no obligation to explain the collateral consequences of guilty plea to criminal defendants. *See Hill v. Lockhart*, 731 F.2d 568-69 (8th Cir. 1984), *aff'd*, 474 U.S. 52 (1985); *U.S. v. Lambros*, 544 F.2d 962, 966 (8th Cir. 1976) (federal case). Therefore, Spires' claims fails as a matter of law.[3]

### 5. Actual Innocence

As discussed in detail in Section III-C above, Spires' actual innocence claims fail as a matter of law.

### E. Motion for Leave to File an Amendment to Pending Habeas Corpus Case

Finally, in his Reply Brief, Spires requested leave to file an amendment to his pending habeas case. Federal habeas proceedings initiated by state prisoners are governed by the Rules Governing Section 2254 Cases in the United States District Courts. *See* Rules Governing

---

[3] Although Spires does not make an ineffective assistance of counsel claim, that claim would fail as well. In *Hill*, the U.S. Supreme Court "declined to determine whether there may be circumstances under which erroneous advice by counsel as to parole eligibility may be deemed constitutionally ineffective assistance of counsel," because the petitioner had not shown prejudice. 474 U.S. at 60. In *Padilla v. Kentucky*, the U.S. Supreme Court held that an attorney rendered ineffective assistance by failing to inform the petitioner about the risk of deportation. *Padilla v. Kentucky*, 559 U.S. 356, 365 (2010). But, the Supreme Court declined to address whether a distinction between direct and collateral consequences can define the scope of constitutionally reasonable professional assistance required by the Constitution in cases other than deportation, which was deemed "unique." *Id.* at 365.

Section 2254 Cases in the United States District Courts. Habeas petitions may be amended or supplemented as provided in the rules of procedure applicable to civil actions. 28 U.S.C. § 2242; *see also* Rule 12, Rules Governing Section 2254 Cases in the United States District Courts (federal rules of civil procedure, to the extent that they are not inconsistent with any statutory provisions or rules governing habeas cases, may be applied in habeas proceedings).

The Federal Rules of Civil Procedure state that the court should freely give leave to amend when justice so requires.[4] Fed. Rule Civ. P. 15(a)(2). "Claims in an amended habeas petition filed after the expiration of the one-year limitations period may not be considered if they do not "relate back" to the date of the original habeas petition." *Cross v. Russell*, No. 4:13-CV-316 ACL, 2014 WL 5514387 at *1 (E.D. Mo. Oct. 31, 2014). Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings arise out of the conduct, transaction, or occurrence set out- or attempted to be set out- in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). In a habeas proceeding, the original pleading to which Rule 15 refers is a petition. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle*, 545 U.S. at 664. The United States Supreme Court has ruled that the relation back doctrine is not so broad as to allow the revival of claims filed outside of the one-year time limit of § 2244 based solely on the fact that they relate to the same trial, conviction, or sentence as a timely filed claim. *Id.* at 662.

---

[4] Petitioner must seek leave from the Court to amend his petition, because a party may amend a pleading as a matter of course within 21 days after serving it or if a response is required, within 21 days after a responsive pleading. Fed. R. Civ. P. 15(a)(1). Petitioner has been previously granted leave to file an amended petition. [Doc. 11.] Therefore, Petitioner is beyond the time limits for filing an amended petition without consent of Respondent or leave of court. Fed. R. Civ. P. 15(a)(2).

All of Spires claims are procedurally defaulted and/or are without merit. Because Spires did not file any claims in state court, Spires essentially has no claims that he can relate back to for consideration. The undersigned will deny Spires' motion for leave to amend.

## IV. CONCLUSION

For the reasons set forth above, the undersigned recommends that Spires' claims for relief be denied. Because Spires has made no showing of a denial of a constitutional right, the undersigned does not recommend that a certificate of appealability be issued in this matter. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to File an Amendment to Pending Habeas Corpus is **DENIED**. [Doc. 13-1.]

**IT IS HEREBY RECOMMENDED** that the Amended Petition for Writ of Habeas Corpus be **DENIED**. [Doc. 13.]

**IT IS FURTHER RECOMMENDED** that, for the reasons stated herein, any motion by Spires for a Certificate of Appealability be **DENIED**.

The parties are advised that they have fourteen (14) days in which to file written objections to these recommendations pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. *See Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

Dated this 29th day of July, 2015.

                                                   /s/ Nannette A. Baker
                                                   NANNETTE A. BAKER
                                                   UNITED STATES MAGISTRATE JUDGE